IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

        **Plaintiff,**

v.                                                                                                                           Civil Action No. 1:07cv32
                                                                                                               (Judge Keeley)

**UNITED STATES OF AMERICA, DEPT. OF
JUSTICE, FEDERAL BUREAU OF PRISONS,
FEDERAL CORRECTIONAL INSTITUTION -
GILMER, JOYCE FRANCIS, VALORIE RAPPOLD,
MATTHEW ARNOLD, LT. SLIGER, DEBORAH
LIVINGSTON, MR. WILSON, MRS. VELTRY, LT.
MARC DIB, MRS FRYE AND MRS. HILTON,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On March 9, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. On March 12, 2007, the plaintiff was granted permission to proceed as a pauper. On March 15, 2007 and April 16, 2007, the plaintiff supplemented his complaint. On May 15, 2007, the plaintiff paid an initial partial filing fee. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

**I. The Complaint**

In the complaint, the plaintiff asserts that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. In support of his claims, the plaintiff asserts generally, that the "administration and staff have a wide spread custom of putting inmates health and safety at risk by acting in the face of known

violations of their own written policies." Complaint at 1. The plaintiff further asserts that "prison officials knew of a substantial risk from the very fact that the risk was obvious." Id. The plaintiff then asserts that a failure to act in response to known violations establishes that deliberate indifference occurred.

Next, the plaintiff asserts that the "greatest problem at Gilmer is that of the abusive Administration, Staff/Inmate relationship. The calloused and frequent hostile attitude exhibited by the Administration and Staff is uniquely reprehensible." Complaint at 2. The plaintiff further asserts that the "practice of overcrowding and subjection of prisoners to unsafe, inproper (sic) practices continues to exist." Id.

In support of his claims, the plaintiff asserts that when he was sentenced, the Bureau of Prisons ("BOP") was aware that he had serious health care problems, *i.e.*, diabetes, hepatitis C and major depression. However, FCI-Gilmer staff "acts in the face of violations of United States Department of Justice [and] Federal Bureau of Prisons" regulations by assigning him to work in the food services department. More specifically, the plaintiff asserts that workers in food service are required to wear hard soled boots, but that because of his diabetes, the plaintiff wears soft shoes. In addition, the plaintiff asserts that his hepatitis C is a "potentially fatal, communicable, [and] infectious blood bourne pathagen (sic)." Complaint at 2. Combined with his major depression, the plaintiff asserts that staff knows that in a fit of depression, he could contaminate the food or drink of tens of hundreds of inmates with his blood or other bodily fluids, thereby infecting those inmates with his potentially fatal disease. Id. at 3.

The plaintiff asserts that he advised Defendants Veltry, Wilson, Frye and Hilton that if he continues to be assigned to food service, he could, in a fit of depression, contaminate the food.

2

Complaint at 3-4. Therefore, the plaintiff requested that his job assignment be changed so he will not pose a danger to any other person's health or safety. Id. The plaintiff asserts that, because his complaints went unanswered, he requested that Defendant Sliger look into his job assignment. An hour after speaking with Lt. Sliger, the plaintiff was charged with Threatening Another With Bodily Harm in violation of Code 203 and was placed in administrative segregation.

Next, the plaintiff asserts that when he was placed in segregation, he had not eaten all day and his blood glucose level was hypoglycemic. Plaintiff asserts that he did not have his glucose tablets and that stress had caused him to become confused and disoriented. Plaintiff asserts that "they" had an indifferent attitude towards "it." Complaint at 5. It was at this time, the plaintiff asserts, that he received another incident report, this time for Assaulting Another Person in violation of Code 224. However, the plaintiff asserts that because he was hypoglycemic, he was not responsible for his actions at that time.

Later that same day, the plaintiff asserts that he received a copy of a Report and Recommendation from this Court recommending that case number 1:06cv81, filed by plaintiff, be dismissed. From this, the plaintiff surmises that staff realized earlier in the day that he had initiated a civil rights case and therefore, his placement in segregation, and the filing of the disciplinary charges, were a result of retaliation for the filing of that suit. In addition, the plaintiff asserts that he requested time in the law library to respond to the Court's Report and Recommendation, but that he was refused. Thus, the plaintiff asserts that he was denied access to the courts and that staff was responsible for trespass, conversion, and inverse condemnation.

Plaintiff next discusses how a disciplinary report is only an accusation and that it does not qualify as evidence. He then states that the "disciplinary report action states that some evidence

3

relied on in finding me guilty was the interpretation of the reporting officer." Complaint at 6. Because no other evidence was offered, the plaintiff asserts that there was no sufficient evidence to support the disciplinary committee's determination that he violated prison rules. Moreover, the plaintiff asserts that the disciplinary punishment he received as a result "trenched" upon his Constitutional rights. Id. at 7. Plaintiff then asserts that when higher officials fail to insure that "lower echelon custodial personnel" are not properly supervised, "men" are exposed to "capricious imposition of added punishment." Id. Plaintiff further asserts that he appealed his disciplinary proceedings, but was denied relief.

Once released from segregation, the plaintiff complains that he was once again improperly assigned to work in food service. However, the plaintiff was eventually given a new job assignment as a laundry orderly.

## II. Plaintiffs' Supplements

In his first supplemental memorandum, filed on March 15, 2007, the plaintiff provides the Court with caselaw citations and quotations which purportedly support the § 1983 claims raised in the complaint. In his second supplemental memorandum, filed on April 16, 2007, the plaintiff attaches for the Court's consideration, an administrative remedy response he received from the Central Office with regard to one of his disciplinary reports. The response by the Central Office is dated April 5, 2007.

## III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by

4

prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## IV. Analysis

### A. Claims Under § 1983

Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

---

[1] Id. at 327.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in this case, a case against a federal agency and its employees. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of *state* law) (emphasis added).

However, the United States Supreme Court has created a counterpart to § 1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the United States Constitution or federal law. See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971). Accordingly, the plaintiff's claims against the defendants in their individual capacities are construed as arising under Bivens.

**B. Claims Against the United States, Department of Justice and Bureau of Prisons**

A Bivens cause of action is only available against federal officers in their individual capacities, not the federal agency which employs the persons acting under federal law or the federal government itself. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); Kentucky v. Graham, 473 U.S. 159, 165 (1985); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, the plaintiff's claims against the United States, the Department of Justice and the Federal Bureau of Prisons must be dismissed.

**C. Claims Against FCI-Gilmer**

A jail or correctional facility is not a "person" amenable to suit. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989). Accordingly, FCI-Gilmer

is not a proper party to this suit and should be dismissed.

**D. Sufficiency of the Plaintiff's Claims**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Moreover, liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

1. Defendants Francis, Rappold, Arnold, Livingston and Dib

7

The plaintiff named Joyce Francis, Valorie Rappold, Matthew Arnold, Deborah Livingston and Marc Dib as defendants in this action simply by listing their names in the caption of the case. However, in the body of the complaint, the plaintiff fails to allege, much less establish that any of these defendants participated or was otherwise involved in any violation of his constitutional rights.[2] As noted above, a bald statement that he is entitled to relief from a defendant without any factual support is insufficient. Accordingly, the plaintiff has insufficiently pled and/or failed to state a claim, against defendants Francis, Rappold, Arnold, Livingston and Dib and those defendants should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

2. Defendants Sliger, Wilson, Veltry, Frye and Hilton

In the complaint, the plaintiff states that he complained about his job assignment to defendants Veltry, Wilson, Frye and Hilton, but that none of those defendants responded to his requests. Such inaction clearly is not a violation of constitutional dimensions.[3]

As to Lt. Sliger, the plaintiff asserts that he told Lt. Sliger that he did not want to put anyone's health at risk by working in food services. Lt. Sliger told plaintiff he would look into the matter and he did. However, the results were not what plaintiff had hoped. Instead of being taken

---

[2] Plaintiff does mention defendant Dib on page three of his complaint. However, the extent of the plaintiff's allegations against defendant Dib are "[t]he Court will also have my diabetic shoe pass issued by Lt. M. Dib, Physicians assistant."

[3] The undersigned notes that plaintiff's claims revolve around the fact that he was assigned to work in food services and that he was worried that his depression would cause him to contaminate the food and infect the other inmates with his potentially deadly disease. Plaintiff further believes that this somehow violated *his* constitutional rights. However, it would appear that if there is any claim to be made in this case, it is not in the form of a violation of the plaintiff's constitutional rights, but rather, of the other inmates who could have been infected had the plaintiff's fears become a reality.

off his food service assignment, the plaintiff was instead written an incident report for threatening bodily harm.[4] Again, the undersigned fails to see how the actions of the defendant rise to the level of a constitutional violation. To the extent that the plaintiff argues that such action was in retaliation for the filing of a civil suit in federal court, the Court finds this argument is also without merit.[5]

## V.  Recommendation

Pursuant to 28 U.S.C. §§ 1915 and 1915A, and for the foregoing reasons, the undersigned makes the following recommendations as to the plaintiff's complaint:

(1) the plaintiff's complaint be **DISMISSED with prejudice** as to the United States, the Department of Justice, FCI-Gilmer and the Federal Bureau of Prisons; and

(2) the plaintiff's complaint be **DISMISSED without prejudice** as insufficiently pled and for the failure to state a claim as to the remaining defendants.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those

---

[4] The violation was presumably based upon the plaintiff's assertion that in a fit a depression he could contaminate the food supply of the other inmates and infect them with a potentially deadly disease.

[5] In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, "in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights. "American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993). Here, plaintiff merely speculates that the actions of the defendants were in retaliation for the filing of his previous lawsuit. Such speculation, however, is insufficient to state a claim for retaliation.

portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: May 17, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE