IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

        Plaintiff,

   v.                     CRIMINAL NO.  1:07cv32
                                    (Judge Keeley)


UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
FCI-GILMER, JOYCE FRANCIS,
VALORIE RAPPOLD, MATTHEW ARNOLD,
LT. SLIGER, DEBORAH LIVINGSTON,
MR. WILSON, MRS. VELTRY,
LT. MARC DIB, MRS. FRYE and
MRS. HILTON

        Defendants.


ORDER ADOPTING-IN-PART THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND REFERRING THE
AMENDED COMPLAINT TO THE MAGISTRATE JUDGE

On March 9, 2007, the pro se plaintiff, Walter Duane White ("White"), a prisoner at the Federal Correctional Institution in Gilmer County, West Virginia ("FCI-Gilmer"), filed a civil rights complaint under 42 U.S.C. §1983.  In his complaint, White alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process.  On March 15, 2007 and April 16, 2007, White filed memoranda to supplement his initial complaint with §1983 case law and documentation from the administrative remedy process.

### ORDER ADOPTING-IN-PART THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION AND REFERRING THE
### AMENDED COMPLAINT TO THE MAGISTRATE JUDGE

Pursuant to Local Rule of Prisoner Litigation 83.02 and 28 U.S.C. §§1915(e) and 1915A, United States Magistrate Judge John S. Kaull conducted an initial review and entered a Report and Recommendation on May 18, 2007. Because White asserted constitutional claims against federal actors, Magistrate Judge Kaull concluded that §1983 was not a proper basis for his claims, and, therefore, he construed White's claims as arising under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971).

Under the framework of a <u>Bivens</u> claim, the Magistrate Judge recommended that White claims against the United States, the Department of Justice, and the Federal Bureau of Prisons be dismissed with prejudice because a <u>Bivens</u> cause of action is only available against federal officers in their individual capacities. <u>FDIC v. Meyer</u>, 510 U.S. 471, 484 -86 (1994). He also recommended that White's claim against FCI-Gilmer be dismissed with prejudice because a correctional facility is not a "person" amenable to a lawsuit. <u>Preval v. Reno</u>, 203 F.3d 821 (4th Cir. 2000). With respect to the remaining individual defendants, however, Magistrate Judge Kaull recommended a dismissal without prejudice because White had insufficiently pled a claim against these defendants as required by Rule 8(a) of the Federal Rules of Civil Procedure.

2

## ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Magistrate Judge Kaull's Report and Recommendation informed White that failure to object to the recommendations would result in the waiver of his appellate rights on those issues. On May 29, 2007, White filed a pleading which he entitled "Objection To Opinion, Report and Recommendation To Which Objections Is Made And The Basis For Such Objections." However, Rather than object to the Magistrate Judge's recommendations, White only sought leave to amend his complaint to assert a <u>Bivens</u> cause of action against Joyce Francis, Valorie Rappold, Matthew Arnold, Lt. Sliger, Deborah Livingston, Robert Spears, Mr. Wilson, Mrs. Veltry, Lt. Marwan Dib, Mrs. Frye and Mrs. Hilton in their individual capacities. White also attached his proposed amended complaint to his "objections."

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment,

### ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

futility of amendment, etc. -- the leave sought should, as the rule requires, be 'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). <u>See</u> <u>also</u> <u>Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc.</u>, 853 F.2d 1139, 1148 (4th Cir. 1988). However, the court has the discretion to either grant or deny the motion to amend. <u>Foman</u>, 371 U.S. at 182.

Because White has not acted in bad faith and there has been no responsive pleading filed, the Court **GRANTS** his request to amend his complaint and **DIRECTS** the Clerk to file White's proposed amended complaint in the case. Significantly, White's amended complaint omits several defendants named in his initial complaint. Specifically, White does not name the United States of America, the Department of Justice, the Federal Bureau of Prisons, and the Federal Correctional Institution-Gilmer as defendants in his amended complaint. White appears to concede that he has no viable <u>Bivens</u> claim against the federal government, its agencies or correctional institutions by omitting these defendants from his amended complaint. Therefore, because White filed no specific objections to the Magistrate Judge's recommendations concerning dismissal of these defendants, the Court **ADOPTS** the Magistrate Judge's recommendation that the United States of America, the Department of Justice, the Federal Bureau of Prisons, and the

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

Federal Correctional Institution-Gilmer be **DISMISSED WITH PREJUDICE** from this case.

It also appears as though White sought to amend his complaint in response to Magistrate Judge Kaull's recommendation that the remaining individual defendants be dismissed without prejudice pursuant to Fed.R.Civ.P. 8(a) because White had insufficiently pled claims against the individual defendants. A dismissal without prejudice would not prevent White from filing his amended complaint as a new <u>Bivens</u> cause of action under a new civil action number. However, if the Court were to dismiss the individual defendants without prejudice, White would incur a financial hardship because he would be subject to a new filing fee of $350.00 if he were to file a new civil action based on his amended complaint. In point of fact, White paid an initial partial filing fee in the present action on May 15, 2007. Therefore, in light of White's amended complaint, the Court declines to adopt the Magistrate Judge's recommendation that the individual defendants be dismissed without prejudice.

For the reasons stated above, the Court **ADOPTS-IN-PART** Magistrate Judge Kaull's Report and Recommendation and **DISMISSES WITH PREJUDICE** the following defendants: United States of America,

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

Department of Justice, Federal Bureau of Prisons and Federal Correctional Institution-Gilmer. The Court further **DIRECTS** the Clerks to file White's proposed amended complaint **and REFERS** White's amended complaint to Magistrate Judge Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation 83.02 to determine the sufficiency of his amended claims against the remaining defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record, the defendant and all appropriate agencies.

DATED: June 4, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE