IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

      Plaintiff,

v.                                                     Civil Action No. 1:07cv32
                                                        (Judge Keeley)

UNITED STATES OF AMERICA, et al.,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTED COUNSEL

This case is before the Court on the plaintiff's Motion for Appointment of Counsel, filed on September 6, 2007. In support of his motion, the plaintiff asserts that the failure to appoint counsel in his case would be an abuse of discretion because his claim is colorable. In addition, the plaintiff asserts that the issues are factual and legally complex and that the Constitutional rights at stake are serious. Finally, the plaintiff asserts that he is indigent and cannot afford counsel.

In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the undersigned is of the opinion that the plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the plaintiff's motion for appointed counsel (dckt. 19) is **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: November 1, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE