**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WALTER DUANE WHITE,**

       **Plaintiff,**

v.                                                                     **Civil Action No. 1:07cv32**
                                                                     **(Judge Keeley)**

**JOYCE FRANCIS, VALORIE RAPPOLD,
MATTHEW ARNOLD, DEBORAH
LIVINGSTON, ROBERT SPEARS, MR.
WILSON, MRS. VELTRY, LT. MARWAN
DIB, MRS. FRYE AND MRS. HILTON,**

       **Defendants.**

**OPINION/REPORT AND RECOMMENDATION
ON PLAINTIFF'S AMENDED COMPLAINT**

**I.   Factual and Procedural History**

The *pro se* plaintiff, a federal inmate, initiated this case on March 9, 2007, by filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. On March 12, 2007, the plaintiff was granted permission to proceed as a pauper and was directed to pay an initial partial filing fee. On March 15 and April 16, 2007, the plaintiff supplemented his complaint. On May 15, 2007, the plaintiff paid his initial partial filing fee.

On May 18, 2007, the undersigned conducted a preliminary review of the complaint pursuant to LR PL P 83.02 and 28 U.S.C. §§ 1915(e) and 1915A. In the ensuing Report and Recommendation ("R&R"), it was recommended that the plaintiff's claims under § 1983 be dismissed because the plaintiff was suing federal, not state, actors. Consequently, it was also recommended that the plaintiff's claims be construed as arising pursuant to Bivens v. Six Unknown

Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971).

Thereafter addressing the plaintiff's under Bivens, the undersigned found that the plaintiff could not maintain a Bivens action against the United States or its agencies and recommended that the United States, the Department of Justice ("DOJ") and the Bureau of Prisons ("BOP") be dismissed with prejudice. In addition, it was noted that a jail or correctional facility is not a person amenable to suit, and a recommendation was made that the plaintiff's claims against FCI-Gilmer be dismissed with prejudice.

As to the individual federal employees, the undersigned found that the plaintiff merely named defendants Francis, Rappold, Arnold, Livingston and Dib in the caption of the case, and did not make any allegations against those defendants in the body of his complaint. Therefore, it was recommended that the plaintiff's claims against those defendants be dismissed as insufficiently pled or for the failure to state a claim. Likewise, with regard to defendants Sliger, Wilson, Veltry, Frye and Hilton, the undersigned found that although the plaintiff made specific allegations against those defendants in his complaint, the plaintiff's allegations failed to rise to the level of a constitutional violation. Thus, it was recommended that those claims be dismissed for the failure to state a claim.

On May 29, 2007, instead of objecting to the R&R, the plaintiff filed a request to amend his complaint and a proposed amended complaint. Upon review by the District Judge, she found that the plaintiff had failed to object to that portion of the R&R which recommended that the United States, the DOJ, the BOP, and FCI-Gilmer be dismissed with prejudice. In fact, the District Judge recognized that in his amended complaint, the plaintiff failed to name those entities as defendants, thereby conceding that his claims were not proper against those parties. Thus, the District Judge affirmed that portion of the R&R dismissing those defendants. However, finding that the plaintiff's

request to amend was not in bad faith, the district judge the granted the plaintiff's request to amend his complaint, directed that the proposed amended complaint be filed, and remanded the amended complaint to the undersigned for further review.

## A. **The Amended Complaint**

In the amended complaint, the plaintiff asserts that his constitutional rights were first violated when defendant Dib, a physician's assistant, approved him to work in food service, even though defendant Dib knew the plaintiff suffered from Hepatitis C and major depression. In addition, the plaintiff asserts that defendant Dib knew he was a diabetic with a soft-soled shoe pass and that food services is a known foot hazard for diabetics with soft-soled shoes. Complaint at 4-5.

Next, the plaintiff asserts that defendant Veltry, the job assignment coordinator, placed him in substantial risk of harm by not reassigning the plaintiff when he filed a "cop-out" asking to be assigned to a different job for the above-stated reasons. Id. at 5. The plaintiff makes the same allegations against defendant Wilson, the Assistant Food Service Administrator. Id.

As to defendant Spears, the Food Service Administrator, the plaintiff asserts that defendant Spears knowingly put the plaintiff's safety in jeopardy by trying to force him to work in an area with a known foot hazard. Id. In addition, the plaintiff asserts that defendant Spears failed to control his subordinates, namely defendant Wilson and Cook Supervisors Frye and Hilton. Id.

As to defendants Frye and Hilton, the plaintiff asserts that those defendants tried to force the plaintiff to put his safety in jeopardy by making him work in an area with a known foot hazard. Id. Moreover, the plaintiff asserts that defendants Frye and Hilton manufactured and fabricated disciplinary charges against him. Id. The plaintiff asserts that such action was a result of retaliation for the plaintiff's filing grievances about his job assignment. Id. at 5-6.

As to defendant Livingston, a Disciplinary Hearing Officer, the plaintiff asserts that defendant Livingston wrongly "sentenced" him for the false charges. Id. at 6.

As to defendant Sliger, a Lieutenant, the plaintiff asserts that defendant Sliger placed him in the Special Housing Unit after the plaintiff refused to put his safety in jeopardy by working in food services. Id. In addition, the plaintiff asserts that defendant Sliger conspired with defendants Frye and Hilton to file false disciplinary charges against him and that defendant Sliger failed to control his subordinates. Id.

As to defendant Arnold, a Captain, the plaintiff asserts that defendant Arnold is liable for trying to force the plaintiff to place his safety in jeopardy as a result of defendant Arnold's supervisory role. Id. Specifically, the plaintiff asserts that defendant Arnold failed to train and instruct his subordinates, namely, defendants Sliger, Spears, Wilson, Veltry, Frye, Hilton and Dib. Id.

As to defendant Rappold, an Associate Warden of Operations, the plaintiff asserts that defendant Rappold is liable for trying to force the plaintiff to place his safety in jeopardy when she denied his "cop-out" requesting a job reassignment. Id. at 6-7. In addition, the plaintiff asserts that defendant Rappold failed to control, train, and instruct her subordinates, namely, defendants Arnold, Sliger, Veltry, Livingston, Spears, Wilson, Frye, Hilton and Dib. Id. at 7.

As to defendant Joyce Francis, Warden, the plaintiff asserts that Warden Francis conspired with the other defendants to force him to place his safety in jeopardy, to fabricate false disciplinary charges and to retaliate against the plaintiff by impeding his grievances. Id. at 7. In addition, the plaintiff asserts that Warden Francis failed to control, train and instruct the other defendants, all of which are her subordinates. Id.

**B.  The Plaintiff's Supplements to the Amended Complaint**

In his supplements to the amended complaint, the plaintiff files a copy of the BOP's Program Statement 3420.09 (dckt. 16), cites additional caselaw in support of his claims (dckt. 17), tries to reassert claims under § 1983 (dckt. 19), provides additional argument with respect to the "false" incident reports (dckt. 20) and provides a copy of a Claim for Injury, Damage of Death made to the BOP with respect to the claims raised in the complaint (dckt. 21).

## II.  Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Complaints which are frivolous or malicious, must be dismissed.  28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are  "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

---

[1] Id. at 327.

## III. Analysis

### A. Defendant Dib

It appears from the complaint that the plaintiff is alleging that defendant Dib subjected him to cruel and unusual punishment by approving the plaintiff's work assignment in food services knowing that the plaintiff suffered from several serious medical conditions.

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994). In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

In this case, the plaintiff fails to state any facts which would show that defendant Dib knew of and disregarded a substantial risk to the plaintiff's health or safety by medically approving the plaintiff's job assignment in food services. At best, the plaintiff offers his conclusory and self-serving statements that food services is a known foot hazard to diabetics with soft-soled shoes. There is no evidence that defendant Dib knew of and disregarded this hazard by approving the plaintiff's job assignment in that area. Moreover, even if there was a foot hazard as described by the plaintiff, the plaintiff has not alleged any injury resulting from defendant Dib's actions. Accordingly, the plaintiff has failed to state a claim against defendant Dib and that defendant should be dismissed from this action.

**B.  Defendants Frye and Hilton**

In the complaint, the plaintiff asserts that defendants Frye and Hilton manufactured and fabricated a false incident report because he complained of his job assignment in food services. Thus, it appears that the plaintiff is alleging that defendants Frye and Hilton retaliated against him for filing grievances and complaining about his job assignment.

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, "*in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights. " American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993).

However, inmates do not have a constitutional right to participate in grievance procedures. Adams, 40 F. 3d at 75. Thus, the plaintiff can state no retaliation claim simply because he complained about his job assignment and filed grievances related to the same. In addition, the plaintiff provides no factual basis to support his claim. The plaintiff merely speculates that the incident report was a result of his complaints. Therefore, the plaintiff has failed to state a claim against defendants Frye and Hilton and those defendants should be dismissed from this action.

**C.  Defendant Livingston**

With regard to defendant Livingston, the plaintiff asserts that defendant Livingston wrongly sentenced him for the two false disciplinary charges. However, the plaintiff has failed to provide any factual basis for this claim.

First, the plaintiff fails to show that the charges were false. Second, the plaintiff fails to allege, much less establish, any impropriety in his disciplinary proceedings or in the actions of defendant Livingston during those proceedings. Thus, this claim is insufficiently pled and must be dismissed. See Fed.R.Civ.P. 8(a) ("A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks.") (emphasis added); see also Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) ("although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant") (citation and internal quotations omitted).

**D.  Defendant Sliger**

With regard to this defendant, the plaintiff asserts that defendant Sliger conspired with the other defendants to force him to work in an environment detrimental to his health and conspired with defendants Frye and Hilton to bring false disciplinary charges against him.

To establish a civil conspiracy, the plaintiff must prove that two or more persons acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right. Hinkle v. City of Clarksburg, WV, 81 F.3d 416 (4th Cir. 1996). Moreover, the plaintiff has a "weighty burden to establish a civil rights

8

conspiracy." Id. at 421. While the plaintiff does not need to "produce direct evidence of a meeting of the minds, [he] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. However, "mere speculation and conjecture will not suffice." Puglise v. Cobb County, 4 F.Supp.2d 1172, 1181 (N.D.Ga. 1998).

Here, the plaintiff cannot establish that he was deprived of a constitutional right. Even if he could, the plaintiff provides no evidence which would lead to even an inference that defendant Sliger, or any other defendant in this case, had an agreement with any other person to deny the plaintiff his constitutional rights. At best, the plaintiff offers speculation and conjecture to establish that a conspiracy existed. However, as noted, this is insufficient to state a claim for conspiracy. Thus, the plaintiff has failed to establish a claim against defendant Sliger, or show that any civil conspiracy existed. Therefore, those claims should be dismissed from this action.

**E.** **Defendants Veltry, Spears, Wilson Arnold, Rappold, Francis**

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability in a Bivens case, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

Nonetheless, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit

recognized that supervisory defendants may be liable in a Bivens action if the Plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, Plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. Id. Rather, Plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id. In reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. Id.

In this case, the plaintiff does not allege any personal involvement on the part of defendants Veltry, Spears, Wilson, Arnold, Rappold or Francis. Instead, it appears that the plaintiff has named these defendants merely because they have some supervisory capacity. However, the plaintiff has not provided any evidence that these defendants tacitly authorized or were indifferent to an alleged violation of his constitutional rights. Moreover, to the extent the plaintiff may be asserting that those defendants deprived him of his constitutional rights because they denied his institutional grievances, that claim is also without merit as this is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003). Accordingly, the plaintiff cannot maintain his claims against these defendants and they should be dismissed from this action.

10

## IV. Recommendation

For the reasons set forth in this Opinion, the undersigned recommends that the plaintiff's amended complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 and 1915A for the failure to state a claim and that this case be **CLOSED** and **STRICKEN** from the Court's active docket.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 7, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE