# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**WALTER DUANE WHITE,**

       **Plaintiff,**

v.                                                            **Civil Action No. 1:07cv32**
                                                                 **(Judge Keeley)**

**JOYCE FRANCIS, VALORIE RAPPOLD,
MATTHEW ARNOLD, DEBORAH
LIVINGSTON, ROBERT SPEARS, MR.
WILSON, MRS. VELTRY, LT. MARWAN,
DIB, MRS. FRYE AND MRS. HILTON,**

       **Defendants.**

## OPINION/REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The *pro se* plaintiff initiated is case on March 9, 2007, by filing a civil rights complaint against the above-named defendants. On June 4, 2007, the plaintiff filed an amended complaint. In the amended complaint, the plaintiff asserts that the defendants either violated, or conspired to violate, his constitutional rights.[1] On November 7, 2007, the undersigned conducted a preliminary review of the plaintiff's amended complaint and recommended that the plaintiff's amended complaint be dismissed for the failure to state a claim. The plaintiff filed objections on November 15, 2007, and supplemental information in support of his claims on December 5, 2007. This case is now before the Court on the plaintiff's Motion for Injunctive Relief, filed on December 18, 2007. In his motion for injunctive relief, the plaintiff requests the Court order his removal from segregation and direct the defendants to stop retaliating against him for filing grievances.

---

[1] Specifically, the plaintiff asserts that the defendants denied him due process of law in disciplinary proceedings, that they retaliated against him for filing grievances, that they failed to protect the plaintiff from known harm, and that they were deliberately indifferent to his serious medical needs.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, the plaintiff has failed to establish that he will suffer irreparable harm if an

injunction does not issue. Moreover, the plaintiff has not, and cannot, established a likelihood that he will succeed on the merits of his claims. See dckt. 23 (Report and Recommendation). Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief (dckt. 29) be DENIED.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 21, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE