IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

                Plaintiff,

        v.                              CRIMINAL NO.  1:07cv32
                                            (Judge Keeley)

JOYCE FRANCIS, VALORIE RAPPOLD,
MATTHEW ARNOLD, LT. SLIGER,
DEBORAH LIVINGSTON, ROBERT SPEARS,
MR. WILSON, MRS. VELTRY,
LT. MARWAN DIB, MRS. FRYE
and MRS. HILTON,

                Defendants.


                 MEMORANDUM OPINION AND ORDER

        Pending  before  the  Court  are  the  Magistrate  Judge's
Opinions/Report  and  Recommendations  ("R&R")  on  the  plaintiff's
amended  complaint  (dkt.  no.  23),  as  well  as  on  the  plaintiff's
Motion  for  Injunctive  Relief  (dkt.  no.  30).    In  addition,  the
plaintiff  has  filed  a  motion  to  amend  the  Complaint  to  add  six  new
defendants  (dkt.  no.  34).    For  the  reasons  that  follow,  the  Court
**ADOPTS**  the  R&R  regarding  the  Amended  Complaint  and  **DISMISSES**  the
complaint,  finds  that  its  ruling  moots  the  R&R  on  the  Motion  for
Injunctive  Relief  and  **DENIES AS MOOT**  the  motion  for  injunctive
relief,  **DENIES**  the  motion  to  amend  the  Complaint  to  add  six  new
defendants,  and  **DISMISSES WITH PREJUDICE**  the  case  in  its  entirety
from  the  Court's  docket.

## MEMORANDUM OPINION AND ORDER

### I.  FACTS AND PROCEDURAL HISTORY

**A.  Original Complaint**

On March 9, 2007, White, at that time a prisoner at the Federal Correctional Institution in Gilmer County, West Virginia ("FCI-Gilmer"), filed a civil rights complaint under 42 U.S.C. § 1983 in which he sued the United States, the Department of Justice, the Federal Bureau of Prisons and FCI-Gilmer, as well as several correctional officers in their individual capacities. White alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process.  On March 15, 2007 and April 16, 2007, White filed memoranda supplementing his initial complaint with § 1983 case law and documentation from the administrative remedy process.

Pursuant to Local Rule of Prisoner Litigation 83.02 and 28 U.S.C. §§ 1915(e) and 1915A, United States Magistrate Judge John S. Kaull conducted an initial review and entered an R&R on May 18, 2007.  Because White asserted constitutional claims against federal actors, the Magistrate Judge concluded that § 1983 was not the proper basis for his claims, and, therefore, he construed White's claims as arising under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971).

The Magistrate Judge then recommended that White's claims against the United States, the Department of Justice, and the Federal Bureau of Prisons be dismissed with prejudice because a <u>Bivens</u> cause of action is only available against federal officers in their individual capacities. <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994). He also recommended that White's claim against FCI-Gilmer be dismissed with prejudice because a correctional facility is not a "person" amenable to a lawsuit. <u>Preval v. Reno</u>, 203 F.3d 821 (4th Cir. 2000). With respect to the remaining individual defendants, Magistrate Judge Kaull recommended dismissing the complaint without prejudice because White had not sufficiently pleaded his claims against these defendants as required by Rule 8(a) of the Federal Rules of Civil Procedure.

On May 29, 2007, White filed an "Objection To Opinion, Report and Recommendation To Which Objections Is Made And The Basis For Such Objections." Rather than object to the Magistrate Judge's recommendations, however, White sought leave to amend his complaint to assert a <u>Bivens</u> cause of action against Joyce Francis, Valorie Rappold, Matthew Arnold, Lt. Sliger, Deborah Livingston, Robert Spears, Mr. Wilson, Mrs. Veltry, Lt. Marwan Dib, Mrs. Frye and Mrs. Hilton in their individual capacities. He attached his proposed Amended Complaint to his motion.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pursuant to Federal Rule of Civil Procedure and <u>Foman v.</u> <u>Davis</u>, 371 U.S. 178, 182 (1962), rather than dismissing the case without prejudice as recommended in the R&R, the Court granted White leave to file his proposed amended complaint and directed the Clerk to file it in this case. The proposed Amended Complaint was then referred to Magistrate Judge Kaull for initial review.

**B. Amended Complaint**

In his Amended Complaint, White asserts that his constitutional rights were violated when Lt. Marwin Dib ("Dib"), a physician's assistant, approved him to work in food service despite the fact that Dib was aware that White was a diabetic with a soft-soled shoe pass and that White suffered from Hepatitis C and major depression. He asserts that food service is a known foot hazard for diabetics with soft-soled shoes and that working in food service with Hepatitis C would place other inmates in jeopardy.

White next asserts that Mrs. Veltry ("Veltry"), the job assignment coordinator, violated policy 1600.01 and put his and others' health at risk by assigning him to food service, even after he filed a "cop-out" seeking to be reassigned to a different job. White alleges that Mr. Wilson ("Wilson"), the Assistant Food Service Administrator, and Robert Spears ("Spears"), the Food Service Administrator, similarly violated policy 1600.01 by

refusing to reassign White, and because of their supervisory roles over Cook Supervisors Frye and Hilton.  White then asserts that Cook Supervisors Frye and Hilton not only violated policy 1600.01 by forcing White to work in food service, but, in addition, filed false disciplinary charges against him in retaliation for his opposition to working in food service.

White next contends that Deborah Livingston ("Livingston"), the Disciplinary Hearing Officer, wrongly sentenced him on the false charges filed by Frye and Hilton.  He asserts that Lt. Sliger ("Sliger") placed him in the Special Housing Unit ("SHU") as a result, and that Sliger conspired with Frye and Hilton to file the false disciplinary charges.  He alleges that Captain Matthew Arnold ("Arnold") is liable because of his supervisory role over Sliger, Spears, Wilson, Veltry, Frye, Hilton, and Dib, because Arnold failed to properly train and instruct the others.

Similarly, White accuses Valorie Rappold ("Rappold"), the Associate Warden of Operations, of violating his rights as a result of her failure to train and instruct Arnold, Sliger, Veltry, Livingston, Spears, Wilson, Frye, Hilton and Dib.  He makes the same accusation against Joyce Francis ("Francis"), the Warden at FCI-Gilmer, adding that she conspired with Sliger, Frye and Hilton to manufacture false disciplinary charges against White, and used

administrative retaliation to prevent him from filing grievances regarding his assignment to food service.

Based on these accusations, White seeks to have the false disciplinary charges expunged from his record and all of his good conduct time restored. He also seeks monetary, compensatory, punitive and declarative damages, as well as injunctive relief.

### C. Supplements to Amended Complaint

On June 14, 2007, White filed a memorandum "Providing Additional Information in Support of Civil Rights Violation Claim" (dkt. no. 16). With this memorandum, White enclosed a copy of the U.S. Department of Justice Federal Bureau of Prisons Program Statement Number 3420.09, which sets forth standards for employee conduct. On June 29, 2007, and again on September 6, 2007, White filed memoranda providing supplemental authority supporting his position (dkt. nos. 17 & 18). Additionally, on September 6, 2007, White filed a motion to appoint counsel (dkt. no 19), which the Magistrate Judge denied on November 1, 2007 (dkt. no. 22).

On September 12, 2007, White filed yet another memorandum of law, with additional arguments regarding the allegedly false incident reports (dkt. no. 20). Finally, on September 27, 2007, he provided the Court with a copy of a letter written to him by Debbie Stevens, Supervisory Attorney at the U.S. Department of Justice,

indicating that White's claim that he was placed in the SHU on false charges is a civil rights claim, and thus not appropriate for administrative settlement under the Federal Tort Claims Act (dkt. no. 21).

**D.   Magistrate Judge's R&R on Amended Complaint**

On November 7, 2007, following his initial review of White's Amended Complaint, Magistrate Judge Kaull issued an R&R recommending that the Amended Complaint be dismissed for failure to state a claim on which relief could be granted.  Specifically, he found that White failed to state any facts indicating that Dib knew of and disregarded a substantial risk to White's health or safety when he medically approved White for a job assignment in food service.  Moreover, he found that White had failed to allege any injury associated with Dib's actions.

Next, Magistrate Judge Kaull found that White had failed to state a claim against Frye and Hilton because inmates do not have a constitutional right to participate in grievance procedures, and, therefore, White cannot prove that Frye and Hilton engaged in retaliation in response to the exercise of a constitutional right. As for White's claims against Livingston, the Magistrate Judge concluded that White had insufficiently pleaded his claim because he had failed to allege any impropriety in his disciplinary

proceedings or in the actions of Livingston during those proceedings.

The Magistrate Judge next found that White had failed to state a claim of civil conspiracy against Sliger because he had provided no evidence that could lead to even an inference that Sliger had agreed with any other person to violate White's constitutional rights. Finally, with regard to Veltry, Spears, Wilson, Arnold, Rappold, and Francis, the Magistrate concluded that, in order to state a claim against these defendants, White was required to allege the personal involvement of each, as well as a causal connection to the harm alleged. Because no personal involvement had been alleged by White, the Magistrate recommended dismissing these claims as well.

**E.    White's Objections to the R&R regarding his Amended Complaint**

On November 15, 2007, White filed timely objections to the Magistrate's R&R (dkt. no. 25). He specifically objected, in detail, to each of the Magistrate's findings. On December 5, 2007, White filed a memorandum providing additional information in support of his claim (dkt. no. 27).

## F.    White's Motion for Injunctive Relief and a Temporary Restraining Order

On December 18, 2007, White filed a motion for injunctive relief and sought a temporary restraining order (dkt. no. 28). Specifically, he requested that the Court order that he be removed from segregation and that the defendants stop retaliating against him.  Magistrate Judge Kaull issued an R&R on December 26, 2007 (dkt. no. 30), recommending that the motion be denied because White had failed to show he would suffer irreparable harm in the absence of an injunction. He also found that White had failed to establish a likelihood of success on the merits of his claims. White filed written objections on January 4, 2008 (dkt. no. 32), and supplemental objections on January 9, 2008 (dkt. no. 33).

Also on January 4, 2008, White filed a notice with the Court (dkt. no. 31) indicating that he was awaiting an administrative transfer to a new facility.  He therefore requested that the Court not send him any correspondence until he provided a new address.

## G.    Motion to Amend Complaint to Add Additional Defendants

On February 4, 2008, White filed a "Motion to Ask Leave of Court to Amend Complaint and to Add Six New Defendants" (dkt. no. 34).  In his motion, White seeks leave to add 1) C.O. Jarvis, who he alleges intentionally interfered with his medication and medical

9

treatment and filed a false incident report, 2) Lt. Bauber, whom he claims placed White in the SHU for exercising his first amendment rights, 3) Unit Manager Heady, Case Manager Demotto, and Correctional Counselor Dickins, who allegedly raised White's points from 22 to 25, put White in Administrative Transfer to another Bureau of Prisons facility and kept him in administrative segregation for 30 days; and 4) Inmate Grievance Coordinator Rogers, who allegedly intentionally interfered with White's administrative remedies and rejected his Unit Disciplinary Committee appeal.

On March 7, 2008, White filed an updated address with the Court, indicating that he had been transferred from FCI-Gilmer to the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg").

## II. STANDARD OF REVIEW

Following receipt of an R&R reviewing a prisoner's complaint, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), and may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983). Here, White objected to all of Magistrate Judge Kaull's findings in both R&Rs, and, therefore, the

Court reviews the entirety of the Magistrate's recommendations <u>de novo</u>.

### III.   LEGAL ANALYSIS

### A.      Amended Complaint

White's Amended Complaint alleges two constitutional violations. First, he claims that his constitutional right to be free of cruel and unusual punishment was violated when prison officials ignored risks to his health and safety by requiring him to work in food service, despite knowing that he had a soft-soled shoe pass due to his diabetes, and that he also had Hepatitis C. Second, White contends that his constitutional rights were violated when, after he refused to work in food service and filed a grievance on that basis, several of the defendants conspired to retaliate against him, an action that resulted in White being placed in the SHU and, ultimately, transferred to a different facility.

As explained above, Magistrate Judge Kaull recommended dismissing White's Amended Complaint for failure to state a claim on which relief could be granted, after which White filed lengthy objections. The Court reviews each of White's claims against each defendant in turn.

<u>MEMORANDUM OPINION AND ORDER</u>

### 1.    Defendant Dib

White's Amended Complaint alleges that Dib violated his Eighth Amendment right to be free of cruel and unusual punishment when, in violation of Policy 1600.01, Dib medically cleared White to work in food service despite knowing that White had Hepatitis C and suffered from depression as well as diabetes, for which he had a soft-soled shoe pass.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994).  An official is "deliberately indifferent," however, only when the official is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw[s] the inference." <u>Id.</u> at 837.  Moreover, to prevail on a claim of cruel and unusual punishment, a prisoner must also have suffered an actual injury as a result of the deliberate indifference.  <u>Strickler v. Waters</u>, 989 F.2d 1375, 1381 (4th Cir. 1993) ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.")

In his R&R, Magistrate Kaull found that White had failed to state any facts indicating that Dib knew of and disregarded a substantial risk to White's health or safety, and, furthermore, that White had not alleged any actual injury resulting from Dib's actions.  In his objections, White presents additional facts regarding Dib's actual knowledge.  He states that, because Dib had performed White's medical intake screening, Dib was aware that White was an insulin dependent diabetic who needed soft-soled shoes in order to avoid callouses, infections and possible amputation of his feet.  White further states that, in deciding whether to approve White for food service work, Dib merely asked White whether he was sick or losing weight.  When White responded "no" to each question, Dib medically approved him for food service.

Although these additional facts provide support for White's contention that Dib was aware of his medical conditions, White has still not shown any evidence that he suffered a "serious or significant physical or mental injury as a result of the challenged condition." Strickler, 989 F.2d at 1381.  From the facts alleged, it appears White did not actually work in food service; rather he filed a grievance contesting his work assignment and was subsequently written up in a disciplinary report and sentenced to time in the SHU.  Thus, the "injury" White suffered as a result

13

WHITE v. FRANCIS, ET AL.                                    1:07cv32

MEMORANDUM OPINION AND ORDER

appears to be the disciplinary sanctions he received, specifically being moved to the SHU.

Placement in administrative detention, however, has been repeatedly held not to violate the prohibition on cruel and unusual punishment. See In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir. 1999) ("[T]he restrictive nature of high-security incarceration does not alone constitute cruel and unusual punishment."), citing Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 857 n. 1 (4th Cir. 1975) (en banc). Therefore, the Court adopts the Magistrate Judge's determination that White has failed to state a claim on which relief may be granted with respect to Dib because he has not alleged any serious mental or physical injuries resulting from the alleged Eighth Amendment violation.

### 2. Defendants Frye and Hilton

White asserts that Frye and Hilton violated his constitutional rights by retaliating against him for refusing to work in food service, and for filing a grievance on that issue. White alleges that Frye and Hilton fraudulently manufactured a false disciplinary report against him alleging that White glared at Frye. White was sentenced to the SHU as a result of this. Magistrate Judge Kaull's R&R recommends dismissing the claims against Frye and Hilton on

that basis that White cannot establish his claim for retaliation because no constitutional right was violated. White's objections reiterate the facts contained in the Amended Complaint and he argues that retaliation against an inmate for complaining is prohibited by law.

As Magistrate Judge Kaull found, to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Here, White argues that Frye and Hilton retaliated against him for filing a grievance regarding being forced to work in food service. Because there is no constitutional right to file a grievance, retaliation against White for filing one does not meet the requirements of a retaliation claim. See id. ("[T]here is no constitutional right to participate in grievance proceedings.")

To the extent that White also alleges that Frye and Hilton violated his Eighth Amendment rights by "forcing" him to work in food service, this claim fails because as noted White suffered no qualifying injury as a result of the alleged violation. Accordingly, the Court adopts the findings of the R&R with respect

to these defendants and dismisses the claims against Frye and Hilton.

### 3.    Defendant Livingston

In his Amended Complaint, White alleges that Livingston, as the Disciplinary Hearing Officer, wrongly sentenced him on the charges alleged by Frye and Hilton.  It further alleges that, in doing so, Livingston exhibited deliberate indifference to White's health and safety with regard to White allegedly being forced to work in food service.  Magistrate Judge Kaull recommended dismissing this claim on the basis that White had failed to allege any facts showing that the charges were false, or that any impropriety had occurred in his disciplinary proceeding, or in the actions of Livingston in that proceeding.

In his objections, White contends that he was wrongly sentenced by Livingston because the disciplinary report was false. Moreover, he states he was merely exercising his constitutional rights and Livingston refused to listen to his explanation.  White further contends that Livingston violated his due process rights by improperly conducting the disciplinary hearing and sentencing him to the SHU.

While a court must liberally construe a pro se plaintiff's claims, even a pro se plaintiff must "set forth facts sufficient to

16

allege each element of his claim." <u>Slade v. Hampton Roads Regional</u>
<u>Jail</u>, 407 F.3d 243, 252 (4th Cir. 2005) (<u>quoting</u> <u>Hill v. Braxton</u>,
277 F.3d 701, 707 (4th Cir. 2002)).  In determining whether a
plaintiff's factual allegations are sufficient, the Fourth Circuit
has recognized that "a complaint must contain 'enough facts to
state a claim to relief that is plausible on its face.'" <u>Anderson</u>
<u>v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (<u>quoting</u> <u>Bell</u>
<u>Atl. Corp. v. Twombly</u>, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007)).

Despite his lengthy objections, White still has not alleged
any facts establishing that the hearing itself was conducted
improperly or that Livingston acted with impropriety.  At most, he
has asserted that Livingston would not listen to his arguments
about alleged violations of his constitutional rights.  Instead,
White contends that, by finding him guilty of the charges in the
disciplinary report, Livingston violated his Eighth Amendment
rights because he should not have been forced to work in food
service and because he was being retaliated against for filing a
grievance.  For the reasons stated earlier, however, neither of
these underlying acts amounts to a violation of White's
constitutional rights.  Furthermore, White admits that a hearing
was held, and that Livingston, the Disciplinary Hearing Officer,

was acting within the scope of her authority when she sentenced him on the basis of the disciplinary report filed by Frye and Hilton.

For these reasons, the Court finds that White has failed to allege sufficient facts to state a claim of any constitutional violation against Livingston and adopts the Magistrate Judge's recommendation to dismiss the claims against this defendant.

### 4. Defendant Sliger

White asserts that Sliger violated his constitutional rights by forcing him to work in food service, and, further, by conspiring with Frye and Hilton to file a false disciplinary report against him. Magistrate Judge Kaull recommended dismissing this claim because White had failed to allege sufficient facts of a conspiracy and, further, had not sufficiently demonstrated that his constitutional rights were violated by the filing of the disciplinary report or the underlying requirement that he work in food service.

In his objections, White states that Sliger "should never have put him in the SHU," because by doing so, he had caused White undue hardship and violated his rights to due process. White then asserts that the charging officers should be sufficiently specific as to the misconduct with which the inmate is charged. He does not explain whether the charges in this case were not sufficiently

specific, nor does he indicate whether the charges in the disciplinary report were later explained during his disciplinary hearing.

As stated earlier, confinement in administrative segregation, such as in the SHU, is not a violation of a constitutional right. See In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d at 471. Furthermore, neither Sliger, Frye nor Hilton violated White's constitutional rights by charging him in a disciplinary report, even if that report was in retaliation for White's filing a grievance. Moreover, as pointed out by the Magistrate Judge, White alleges no facts indicating that Sliger, Frye and Hilton were engaged in a conspiracy.

To establish the existence of a conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996). Here, not only has White alleged no facts indicating that Sliger, Frye and Hilton acted jointly to file a false disciplinary report against him, he also not established that he was deprived of a constitutional right. Accordingly, the Court adopts the

Magistrate's recommendation with respect to Sliger, and dismisses the claims against him.

### 5.    Defendants Veltry, Spears, Wilson, Arnold, Rappold and Francis

Magistrate Judge Kaull found that White's claims against Veltry, Spears, Wilson, Arnold, Rappold and Francis were based on their status as supervisors of other defendants.  To be liable in a <u>Bivens</u>' claim, however, a defendant must have been personally involved in the deprivation of a constitutional right, and a causal connection between that involvement and the deprivation must be shown.  <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). Thus, a claim may not be based on respondeat superior.  Instead, "liability is personal, based upon each defendant's own constitutional violations."  <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).

Magistrate Judge Kaull found that White had failed to allege any personal involvement on the part of these defendants.  In his objections, White confirms that each of these defendants has a supervisory role and, with regard to Spears, Wilson, Arnold, Rappold and Francis, he admits that the claims against them are based on their roles as supervisors.  With regard to Veltry, however, White states she was the Job Assignment Coordinator who

**WHITE v. FRANCIS, ET AL.**                                            **1:07cv32**

_____
MEMORANDUM OPINION AND ORDER
_____

actually assigned him to food service, and thus is directly responsible for the alleged Eighth Amendment violations that resulted.

In reviewing the claims, the Court agrees with White that his claim against Veltry is not based purely on her role as a supervisor, but rather on her personal involvement in assigning him to food service. Nevertheless, his claim against Veltry still fails because, as explained previously, White's assignment to food service did not violate his constitutional right to be free from cruel and unusual punishment, inasmuch as White did not suffer a serious injury as a result.

For the remaining defendants, the Court adopts the Magistrate's recommendation that, because White merely named them as a consequence of their supervisory roles, he cannot make out a <u>Bivens</u>' claim against them. Moreover, because White has not established that any acts taken by the individuals being supervised amounted to a constitutional violation, White's claim would fail even if he could allege personal involvement in those acts by Spears, Wilson, Arnold, Rappold or Francis. These claims, therefore, are also dismissed.

_____
**MEMORANDUM OPINION AND ORDER**

Accordingly, the Court **ADOPTS** the Magistrate's R&R (dkt. no. 23) and **DISMISSES** the Amended Complaint **WITH PREJUDICE** (dkt. no. 15).

**B      Motion for Injunctive Relief and Temporary Restraining Order**

In White's motion for injunctive relief, he seeks release from segregation at FCI-Gilmer, as well as a TRO directing staff at FCI-Gilmer to stop using administrative retaliation against him.  As Magistrate Judge Kaull found in his R&R recommending that the Court deny White's motions for injunctive relief and a temporary restraining order ("TRO"), the standard governing the issuance of injunctive relief in the Fourth Circuit, as set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 194 (4th Cir. 1977), is a balancing of the hardships test. Specifically, the Court must consider:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
> (2) the likelihood of harm to the defendant if the requested relief is granted,
> (3) the likelihood that the plaintiff will succeed on the merits, and
> (4) the public interest.

Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citing L.J. By and Through Darr v. Massinga, 838 F.2d 118 (4th Cir. 1988), cert. denied, 488 U.S. 1018 (1989)).  The

plaintiff bears the burden of establishing each of these factors in order to prevail on his motion.  Id.

Magistrate Judge Kaull's R&R found that White had failed to make a "clear showing" that he would suffer irreparable injury in the absence of injunctive relief.  See id.  In his objections, White argues that his detention in the SHU caused him irreparable harm because he was denied access to his property, including his legal research, and because his access to the prison law library was limited.  He seems to assert that this limited access implicated his first amendment right to freedom of speech.

Magistrate Judge Kaull additionally found that White had failed to show a likelihood that he would succeed on the merits of his claim since he was recommending that White's underlying Amended Complaint be dismissed.  White's objections to this aspect of the R&R reiterate several of the arguments raised above, which the Court has already considered and found unpersuasive.

Following de novo review, the Court agrees with Magistrate Judge Kaull that, in light of the dismissal of the Amended Complaint, White cannot demonstrate that he could succeed on the merits of his underlying claim, and, therefore, his motion for injunctive relief cannot succeed.  Moreover, White's transfer in March 2008 to USP-Lewisburg mooted his motion for injunctive

relief; he is no longer housed in the SHU at Gilmer, nor is he in a position suffer retaliation from the staff at that institution. See, e.g. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). The Court, therefore, finds that the Magistrate's recommendation is **MOOT**, and **DENIES AS MOOT** White's motion (dkt. no. 29).

**C.   Motion to Amend Complaint a Second Time to Add New Defendants**

The Federal Rules of Civil Procedure allow a plaintiff to amend a complaint once as a matter of course before being served with a responsive pleading. Fed.R.Civ.P. 15(a). Subsequent amendments are made only with the opposing party's written consent or the court's leave, which should be freely given when justice so requires. Id. In fact, such leave "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Franks v. Ross, 313 F.3d 184, 193 (4th Cir. 2002) (emphasis in original) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

Amendments, however, must relate back to the original pleading; thus the amendment must "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed.R.Civ.P.

24

15(c)(1)(B); <u>Weisgal v. Smith</u>, 774 F.2d 1277 (4th Cir. 1985).
"Congress intended Rule 15(c) to be used for a relatively narrow
purpose; it did not intend for the rule to be so broad to allow an
amended pleading to add an entirely new claim based on a different
set of facts." <u>Farris v. U.S.</u>, 333 F.3d 1211, 1215 (11th Cir.
2003).

In this case, White has already amended his complaint once as
a matter of course. He now seeks to amend his complaint a second
time to add six additional plaintiffs. It is unclear from White's
motion to amend, however, whether any of the claims against the new
plaintiffs relate to the subject matter underlying his original
Amended Complaint.

White seeks to add C.O. Jarvis ("Jarvis"), who allegedly
intentionally interfered with his medication and medical treatment,
and filed a false incident report. White appears to assert that
Jarvis filed this report, alleging insolence and use of profanity,
in retaliation for White's stating that he was going to file a
grievance regarding Jarvis' interference with White's medication.
White additionally seeks to add Lt. Bauber ("Bauber") who allegedly
placed him in the SHU for exercising his "right" to file a
grievance in relation to Jarvis' interference with White's
medication. These claims clearly do not relate back to the

conduct, transactions or occurrences alleged in White's Amended Complaint. Apparently he is attempting to raise a wholly unrelated issue concerning the distribution of medicine and alleged retaliation for threatening to file a grievance regarding this issue. Because these claims do not relate back to the underlying Amended Complaint, White may not amend his complaint to add Jarvis or Bauber as defendants. He may, however, should he choose to do so file a separate complaint against Jarvis and Bauber asserting these claims.

Next, White seeks to add Unit Manager Heady ("Heady"), Case Manager Demotto ("Demotto"), and Correctional Counselor Dickins ("Dickins"), "for raising [White's] points from twenty-two (22) to twenty-five (25), and putting [White] in Administrative Transfer to U.S.P. Big Sandy, and for keeping [White] in Administrative Segregation in the Segregated Housing Unit for thirty (30) days." He additionally seeks to add Inmate Grievance Coordinator Rogers ("Rogers"), for intentionally interfering with his administrative remedies and rejecting his Unit Disciplinary Committee appeal. White does not indicate whether these claims relate to the alleged retaliation for the conduct discussed in the underlying Amended Complaint, i.e., White's objections to being ordered to work in food service, or whether he believes that these measures were taken

26

against him as a result of his threat to file a grievance following Jarvis' alleged interference with his medication.

In either case, White's motion to amend must be denied. If the claims alleged against these defendants relate to the allegations of interference with medication, then, like the claims against Jarvis and Bauber, they do not relate back to the conduct, transactions or occurrences alleged in the underlying Amended Complaint and may only be asserted in a new action.

If, on the other hand, the acts allegedly taken by Heady, Demotto, Dickins and Rogers relate to allegations in White's Amended Complaint, the Court, in its discretion, declines to allow the defendants to be added because such an amendment would be futile. See Franks, 313 F.3d at 193. As explained at length earlier, White has not successfully stated a constitutional violation in the underlying Amended Complaint. Thus, new claims regarding actions allegedly taken in retaliation for such non-existent violations could not succeed and allowing such an amendment would be futile. Accordingly, the Court **DENIES** White's motion to amend his complaint to add six new defendants.

### IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** Magistrate Judge Kaull's R&R regarding the Amended Complaint (dkt. no. 23) and

**DISMISSES** the Amended Complaint. It finds that Magistrate Judge Kaull's R&R on the Motion for Injunctive Relief and Temporary Restraining Order (dkt. no. 30) has been mooted by White's transfer to USP-Lewisburg. Accordingly, it **DENIES AS MOOT** that motion (dkt. no. 29). Finally, it **DENIES** White's motion to amend his complaint a second time to add six new defendants (dkt. no. 34), and **ORDERS** that this action be stricken from the Court's docket.

The Clerk is directed to transmit copies of this Order to the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested.

DATED: July 9, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

28